**In re Anonymous No. 4 D.B. 76**

Disciplinary Board Docket No. 4 D.B. 76.

KECK, *member*, January 17, 1986 — Pursuant to rule 218(c) (5) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania submits this report and recommendation to your Honorable Court respecting the petition for reinstatement captioned above.

## HISTORY OF PROCEEDINGS

Petitioner was disbarred by order of the Supreme Court of Pennsylvania dated March 23, 1978, following his conviction by jury trial in the United States District Court for the [      ] District of Pennsylvania of interstate transportation of stolen securities.

Two earlier petitions for reinstatment were denied. The instant petition was filed May 21, 1985. A hearing was held August 6, 1985, before hearing committee [      ] composed of [      ]. The report of the hearing committee was considered by the disciplinary board December 9, 1985. The board voted to adopt the report of hearing committee [      ] as its own and that report is included in toto herein by reference.

## DISCUSSION

The securities that petitioner caused to be transported interstate were negotiable bonds that had disappeared from the [A] Bank of [      ] sometime between February 1968, and May 1969, when petitioner was employed as trust officer of the bank. Petitioner's wife discovered the bonds in a sewing cabinet that belonged to her deceased mother soon

after the mother's death in 1971. Petitioner used the bonds as collateral for a loan obtained from a bank in New York state and later offered them as collateral for a loan from [B] Bank in [    ]. In making these transactions he caused the bonds to be transported interstate. At the time of the latter transaction the stolen status of the bonds was discovered.

Petitioner served periods of incarceration and probation as sentenced by Judge [C] of the United States District Court. The statute of limitations precluded charging and prosecuting him with theft of the bonds.

Petitioner realized financial gain from the sale of some of the bonds. In 1974 [D] Company of [    ], having indemnified [A] Bank for its loss, obtained a judgment against petitioner of some $27,000 representing the value of wrongfully converted securities.

At the original hearing on the petition for discipline and at all hearings on petitions for reinstatement, petitioner has denied theft of the bonds. At the most recent hearing he offered to submit a theory regarding their disappearance but disciplinary counsel objected to speculation about the matter.

The circumstances leading to this petition for reinstatement are indeed bizarre. They constitute a mystery worthy of Conan Doyle. Hearing committee [    ] has pointed out that petitioner is not obliged to furnish a solution to the mystery to qualify for readmission to the bar. Absent proof of guilt we must presume petitioner's innocence of theft.

Earlier petitions for reinstatement were rejected by the disciplinary board principally for the reasons that petitioner showed no remorse for having profited from the sale of securities that were not properly

his and that he had made no effort to make restitution to injured parties for the losses that they incurred. Those matters have now been attended to. Petitioner has satisfied the judgment obtained by [D] Company of [    ], albeit for $6,000, a small fraction of the original amount, and has obtained a release from the company. Petitioner's exhibits include numerous testimonials in support of his moral qualifications to resume the practice of law. This board concludes that he has met the burden of showing that he has the learning in the law, and the moral qualifications for admission to the bar of this commonwealth. Further it may be concluded that petitioner's readmission to the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## RECOMMENDATION

This board concurs with hearing committee [    ] and recommends that petitioner be reinstated as a member of the bar of this commonwealth and that he be ordered to pay the costs incidental to the processing of his petition.

Messrs. McGinley, Douglas and Brown did not participate in the adjudication.

## ORDER

NIX, C. J., And now, this January 31, 1986, upon consideration of the recommendation of the disciplinary board dated January 17, 1986, the petition for reinstatement is denied.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.